**STATE, Plaintiff-Appellee, v. JOHNSON, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22455.   Decided May 19, 1952.

426

F. T. Cullitan, Pros. Atty., Theodore Williams, Asst. Pros. Atty., Cleveland, for plaintiff-appellee.
M. A. Picciano, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, PJ.:

This appeal comes to this court on questions of law from a judgment of the Common Pleas Court finding the defendant guilty of carrying a concealed weapon, to-wit, a revolver.

On March 25, 1949, the defendant was being driven toward the city of Cleveland; the place where the arrest was made was in Cuyahoga County on State Route No. 43, in Bedford Township. The automobile was being used by the defendant in the course of his employment as manager of his uncle's farm. The driver of the automobile failed to stop at a point where a school bus had stopped to discharge school children. The arresting officer, who was following the school bus, directed the driver of defendant's automobile to stop. The defendant at that time was in the back seat of the automobile. As soon as the automobile stopped, the driver moved over to the right and the defendant got in behind the wheel and then alighted through the left doorway and walked toward the approaching officer. The officer passed by the defendant, and upon looking into the automobile found a loaded revolver under a coat on the front seat. The defendant's arrest followed.

Upon trial, the State introduced a written statement claimed to have been made by the defendant, in which he stated that he was sitting on the front seat next to the driver and that the pistol was on the front seat next to his left side; that when the officer stopped them, he slid over to the driver's side and opened the door and that the revolver fell to the pavement. He then picked it up and threw it back into the car. He also stated that he had been the victim of a shooting attack and was carrying the gun for his protection. Shortly after making the foregoing statement, the evidence of the state is to the effect that defendant asked to amend or correct the first statement as follows:

"With regard to the position of myself in my car, I wish to state now that I was in the back seat with Buster. Willie Hill was in the driver's seat and Juanita in the front seat. With regard to the pistol, I wish to say that the pistol was lying on the floor of the car under the front of the driver's seat. When I opened the door, I reached down and picked up the pistol with intentions of throwing it back further under the seat. It hit something and fell onto the pavement. I picked it up and threw it back into the car."

The defendant presented himself as a witness in his own defense. He denied making a voluntary written statement. He testified that he had the revolver with him and kept it on the floor of the car on the right hand side of the front seat where he could reach it by falling to the floor.

The defendant testified that for ten years he had been what was known as a "checker" in a policy or numbers game which he admitted was illegal and in violation of law; that he continued in such illegal business until after being shot as a result of which his hand was injured in such a way that he could not do the work assigned to him; that some time in January, 1949, he was employed by his uncle to help manage his uncle's farm on Canal Road and was engaged in that business at the time of his arrest, although he did testify that he tried to work for the numbers game a week or two in May, 1949.

The defendant testified that he was requested to and did talk with the director of public safety at the city of Cleveland and to the County Prosecutor late in 1947, and on many occasions thereafter in reference to some police officers participating in the proceeds of the numbers game in Cleveland and that in July, he testified as a state's witness in the trial of Lt. Molnar; that before and after he testified he received many warnings to "stop talking" and threats which he understood to mean that his personal safety was in danger if he continued to give help to Director Sutton and the County Prosecutor. On December 28th, at about 3 o'clock A. M., while he was escorting a lady friend to her door, he was shot by an unknown assailant, whereby his right hand was badly injured, resulting in the loss of a finger. He was released from the prison ward of the hospital (having been sent there for his personal protection) about January 15, 1949. The Director of Public Safety thereafter provided him with police protection from late afternoon until early morning. Such protection was considered necessary for his personal safety under the circumstances. Such protection was still being provided on the day of his arrest.

The undisputed facts show that the defendant did have a revolver with him in the automobile, carried in such a way as to justify a finding that it was concealed within the meaning of the statute (§12819 GC) prohibiting carrying concealed weapons. His defense of justification must come within the provisions of §13448-4 GC which provides:

"Upon the trial of an indictment or information for carrying a concealed weapon, the jury shall acquit the defendant if it appear that he was at the time engaged in a lawful business, calling or employment, and that the circumstances in which he was placed justified a prudent man in carrying such weapon for the defense of his person, property or family."

On this question the court charged the jury as follows:

"It is up to the jury to determine by the greater weight of

the evidence in just what circumstances the defendant was placed. Did he have a good reason to carry a revolver because of the danger he was involved in, in his lawful business? The term 'prudent' as used in the law refers to a man who is cautious, circumspect or discreet.

"The court instructs you that telephone calls, threats and involvements, whatever may be their purport, is no defense whatever to carry a concealed weapon **unless actually in connection with his lawful business.** The defendant must first establish by a preponderance of the evidence that at the time he was carrying the weapon he was engaged in a lawful business, or employment, or calling.

"Third: The law goes one step further and states the purpose for which one in a lawful business under certain circumstances may carry a revolver, or pistol, namely for the defense of his person, property or family. * * *

"Now to summarize this point as to justification, under the statute, before you can acquit the defendant on a charge of carrying a concealed weapon on the ground of justification under the statute, you must find all three of the following points:

"One: That the defendant was engaged in a lawful business at the time; and

"Second: **That the circumstances in which he was placed in connection with his lawful business** justified a prudent man in carrying such weapon; and

"Third: That he carried it for defense of his person, property or family." (Emphasis added.)

The defendant claims the following errors:

1. The trial court erred in overruling the motions of the defendant Matthew Johnson made at the close of the plaintiff's case in chief and again at the close of the entire case for a directed verdict in favor of the defendant and for his discharge.

2. The verdict and the judgment of the trial court is not only manifestly against the weight of the evidence but is contrary thereto.

3. The trial court erred in its charge to the jury

4. The trial court erred in overruling the defendant's motion for new trial.

Justification for carrying a concealed weapon, under the statute (supra) requires the defendant to establish, by the greater weight of the evidence:

1. That the defendant was engaged in a lawful business, calling or employment.

2. That the circumstances in which he was placed was such

as would justify a prudent man to carry a weapon for the defense of his person, property or family.

These elements are separate and distinct requirements. A defendant charged with carrying a concealed weapon is not entitled to claim justification unless he is engaged in a lawful pursuit. This provision is a restriction as to the class of persons who may claim such defense in a carrying concealed weapon's case.

The court's charge, as above quoted, requiring the defendant to show that the circumstances which he claimed to justify carrying a concealed weapon must have been associated or connected with his business, goes beyond the requirements of the statute.

The evidence in this case is undisputed that the source of the claimed danger which the defendant advanced in justification of carrying a concealed weapon came about as a result of giving assistance to the law enforcing officers of the city and county and could in no way be associated with the defendant's business, whether such business be lawful or unlawful. The court's instructions under the undisputed facts on the subject of justification required the jury to find the defendant guilty if they found he did carry a concealed weapon. Such charge therefore, constituted prejudicial error.

Whether or not the defendant was, at the time in question, engaged in a lawful business is a disputed question of fact. The jury may have found the defendant guilty because he failed to maintain the burden imposed upon him by law upon this issue. If that were so, then the judgment should be sustained. But, since the two issue rule has no application in criminal cases an error prejudicial to the rights of the defendant committed in submitting one of the issues presented in a criminal case to the jury requires a reversal of the judgment.

For the foregoing reasons, we overrule the defendant's first two claims of error and sustain claims of error numbers 3 and 4 and remand the cause for further proceedings. Exceptions noted. O. S. J.

HURD, J, THOMPSON, J, concur.