THE STATE OF OHIO, APPELLEE, *v.* HALL, APPELLANT.

(No. 1267—Decided June 2, 1964.)

*Mr. Robert L. Balyeat,* prosecuting attorney, for appellee.
*Mr. David R. Rodgers,* for appellant.

GUERNSEY, J. Defendant-appellant's only significant claim of error is that he was justified under the provisions of Section 2945.76, Revised Code, in carrying a concealed weapon.

That section provides as follows:

"Upon the trial of an indictment or information for carrying a concealed weapon, the jury shall acquit the defendant if

it appears that he was at the time engaged in a lawful business, calling, or employment, and that the circumstances in which he was placed justified a prudent man in carrying such weapon for the defense of his person, property, or family.''

The Court of Appeals for Cuyahoga County, in a decision of which we approve, held in the case of *State* v. *Johnson,* 64 Ohio Law Abs. 425:

''Justification for carrying a concealed weapon, under the statute (supra) requires the defendant to establish, by the greater weight of the evidence:

''1. That the defendant was engaged in a lawful business, calling or employment.

''2. That the circumstances in which he was placed was such as would justify a prudent man to carry a weapon for the defense of his person, property or family.

''These elements are separate and distinct requirements. A defendant charged with carrying a concealed weapon is not entitled to claim justification unless he is engaged in a lawful pursuit. This provision is a restriction as to the class of persons who may claim such defense in a carrying concealed weapon's case.

''The court's charge, as above quoted, requiring the defendant to show that the circumstances which he claimed to justify carrying a concealed weapon must have been associated or connected with his business, goes beyond the requirements of the statute.''

It is undisputed here that Hall was at the time of this occurrence engaged in a lawful business, the operation of a pool hall, and engaged in at least one lawful calling or employment, as an employee of Westinghouse Electric Corporation and as a custodial employee of the city of Lima. It is, therefore, undisputed in evidence that he met the first requirement of the statute and was a member of ''the class of persons who may claim such defense in a carrying concealed weapon's case.'' The fact that there was some evidence that the defendant was at the time also engaged in an unlawful business, the so-called ''numbers racket,'' does not deprive him of the undisputed fact that ''he was at the time engaged in a lawful business, calling, or employment.''

It remained for the trial court to determine whether he es-

tablished, by the greater weight of the evidence, "that the circumstances in which he was placed was such as would justify a prudent man to carry a weapon for the defense of his person, property or family."

On this latter issue the evidence was conflicting so that reasonable minds might arrive at different conclusions on the basis thereof, and there was substantial, credible evidence of probative value from which the trial court could properly determine that the defendant, at the time of the occurrence herein, was not placed in such circumstances. We cannot, therefore, say that the trial court committed prejudicial error in the conclusion inherent in its judgment of conviction that the defendant had not established by the greater weight of the evidence that he was justified in carrying a concealed weapon.

We have also examined and considered each of the other assignments and claims of error and find that they likewise are without merit.

This court finding no error prejudicial to the defendant, the judgment of the Common Pleas Court is affirmed at his costs and the cause is remanded to that court for execution of its judgment and sentence.

*Judgment affirmed.*

MIDDLETON, P. J., and YOUNGER, J., concur.